WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DEBORAH BACHRACH,<br><br>                      Plaintiff,<br><br>    vs.<br><br>USAA GENERAL INDEMNITY CO.,<br><br>                      Defendant. | Case No. 3:22-cv-0271-HRH |

O R D E R

Motion to Bifurcate and Stay Discovery[1]

    Defendant USAA General Indemnity Company moves to bifurcate trial and to stay discovery on plaintiff Deborah Bachrach's "bad faith" claims pending resolution of her uninsured motorist claim. Plaintiff has responded.[2] Defendant has replied.[3] Oral argument has been requested[4] and has been heard.

---

    [1]Docket No. 17.

    [2]Docket No. 18.

    [3]Docket No. 21.

    [4]Docket No. 22.

ORDER – Motion to Bifurcate and Stay Discovery                                                            - 1 -

Background

Plaintiff was injured in a motor vehicle collision on November 13, 2020.[5] Plaintiff's vehicle was struck by the operator of an uninsured motor vehicle.[6] The parties do not dispute that the driver of the uninsured motor vehicle was at fault.[7]

Plaintiff had an insurance policy issued by defendant at the time of the accident.[8] The policy contained a provision for uninsured motorist coverage and a provision for medical payments coverage.[9] The policy's medical payments coverage was limited to expenses incurred within one year of the collision.[10] Defendant paid some of plaintiff's medical expenses under that coverage.[11] Plaintiff sought additional benefits for medical expenses incurred beyond the one-year mark under the policy's uninsured motorist coverage.[12] Defendant determined that those medical expenses were outside the terms of coverage and denied the claim.[13] Defendant offered plaintiff $11,000 to resolve the uninsured motorist claim. Plaintiff did not accept that offer.[14] According to plaintiff, the

---

[5]Complaint at 2, ¶ 3, Exhibit 1, Notice of Removal, Docket No. 1.

[6]Id. at 2, ¶ 8.

[7]Id. at 2, ¶ 3; Docket No. 8 at 1-2, ¶¶ 3, 5.

[8]Complaint at 2, ¶ 4, Exhibit 1, Notice of Removal, Docket No. 1.

[9]Id. at 2-3, ¶¶ 14.

[10]Id. at 3, ¶ 14.

[11]Id.

[12]Id. at 3, ¶ 15.

[13]Id.; Docket No. 8 at 3, ¶ 15.

[14]Complaint at 3, ¶ 16, Exhibit 1, Notice of Removal, Docket No. 1; see also Docket No. 17 at 2.

ORDER – Motion to Bifurcate and Stay Discovery — 2 —

compensatory damages caused by the operator of the uninsured motor vehicle "significantly" exceeded the value of defendant's offer.[15]

Plaintiff commenced this action in state court on November 9, 2022. Defendant removed the action based on diversity jurisdiction.[16] Plaintiff's complaint asserts: a breach of contract claim based on defendant's denial of plaintiff's uninsured motorist claim, a claim for breach of the covenant of good faith and fair dealing based on defendant's handling of the uninsured motorist claim, and a claim that defendant acted negligently or recklessly in adjusting the uninsured motorist claim.[17] Plaintiff alleges that defendant "failed to promptly and reasonably investigate, evaluate, and pay" her uninsured motorist claim."[18]

Shortly after the filing of this case, the parties completed a scheduling and planning report, in which the parties recommended to the court that fact discovery in this case be completed by January 30, 2024, and that expert discovery be completed by January 30, 2024.[19] The parties' report further recommended that expert reports be exchanged by November 11, 2023.[20] In its scheduling and planning order,[21] the court approved the foregoing recommendations. The court's scheduling and planning report form further called upon the parties to answer the question: "Should discovery be conducted in phases or

---

[15]Complaint at 3, ¶¶ 17, 19, Exhibit 1, Notice of Removal, Docket No. 1.

[16]Docket No. 1 at 2.

[17]Complaint at 3-5, ¶¶ 17-40, Exhibit 1, Notice of Removal, Docket No. 1.

[18]Id. at 3, ¶ 18.

[19]Docket No. 11 at 4-5.

[20]Id. at 4; November 11 being a holiday, the order indicated November 13, 2023.

[21]Docket No. 12 at 4.

limited to or focused on particular issues?"  The parties responded:  "No."[22]  The court's scheduling and planning expressly provided that: "Discovery **shall not** be conducted in phases or limited to or focused on particular issues."[23]

Defendant now moves for bifurcation of trial on plaintiff's breach of contract claim on one hand, and on plaintiff's bad faith and negligence adjustment claims on the other hand.  Defendant also moves for a stay of discovery on plaintiff's bad faith and negligent adjustment claims pending resolution of plaintiff's uninsured motorist claim.

Discussion

Federal Rule of Civil Procedure 42(b) authorizes the court to order a separate trial of any claim "[f]or convenience, to avoid prejudice, or to expedite and economize...."  Bifurcation of claims for trial "does not necessarily require bifurcation of discovery." Cook v. United Serv. Auto. Ass'n, 169 F.R.D. 359, 362 (D. Nev. 1996).  If claims are bifurcated pursuant to Rule 42, discovery on the second set of claims may but need not be stayed.  Id.  Both the decision to bifurcate trial and to stay discovery are within the sound discretion of the trial court, id.; Hangarter v. Provident Life & Accident Ins., 373 F.3d 998, 1021 (9th Cir. 2004).  "With respect to both discovery and trial, the moving party has the burden of proving that bifurcation will promote judicial economy or avoid inconvenience or prejudice to the parties."  Karpenski v. Am. Gen. Life Cos., LLC, 916 F. Supp. 2d 1188, 1190 (W.D. Wash. 2012).

Defendant requests bifurcation of both trial and discovery.  Defendant submits that bifurcating trial would avoid complicating the issues, confusing the jury, and prejudicing defendant "by allowing the jury to hear evidence of bad faith," which could influence the

---

[22]Docket No. 11 at 3, ¶ II.C.2.

[23]Docket No. 12 at 3, ¶ II.C.2.

ORDER – Motion to Bifurcate and Stay Discovery         - 4 -

jury's determination of the uninsured motorist claim.[24]  Plaintiff does not oppose bifurcation of trial as long as each phase of the trial is before a single jury.  The court finds that a sequential trial of the uninsured motorist claim, followed by trial of the bad faith and negligent adjustment claims is appropriate to avoid prejudice to defendant.  Defendant's motion for a separate trial of the uninsured motorist claim and the bad faith and negligent adjustment claims is granted.

Turning to defendant's motion for a stay of discovery on plaintiff's bad faith and negligent adjustment claims, defendant contends that "[s]eparate trials of the UM claim and bad faith claims and a stay of bad faith discovery pending resolution of the UM claim will avoid undue prejudice, prevent unfair tactical advantages, and will promote efficiency and judicial economy."[25]  Defendant further asserts that a discovery stay would promote economy and efficiency because a determination of the uninsured motorist claim could dispose of the bad faith claims.[26]

Plaintiff opposes a discovery stay of the bad faith and negligent adjustment claims because, if discovery were stayed, it would be necessary to summon and empanel a second, separate jury after bad faith and negligent discovery were completed.  Plaintiff further argues that a discovery stay would prejudice and burden her because she would have to spend significant resources re-litigating the "causation and damage aspects of [her] injury" in a trial before a different jury on her bad faith claim.[27]  Plaintiff contends that bifurcating her claims for trial without staying discovery is sufficient to address defendant's concerns

---

[24]Docket No. 17 at 8.

[25]Id. at 12.

[26]Id.

[27]Docket No. 18 at 2.

ORDER – Motion to Bifurcate and Stay Discovery                                                        - 5 -

about the potentially prejudicial effect of bad faith evidence on the resolution of the uninsured motorist claim.[28]

The court is not persuaded that a stay of discovery on plaintiff's bad faith and negligent adjustment claims would promote judicial economy or avoid inconvenience or prejudice to the parties. In so ruling, the court is guided by Judge Gleason's March 15, 2021, decision in Lindfors v. State Farm Mut. Auto. Ins. Co., No. 3:20-cv-00178-SLG (D. Alaska 2021). The issues raised in Lindfors are, for all practical purposes, the same as the issues now before this court. The factual differences between this case and Lindfors are insufficient to distinguish the two cases.

The court finds that ordering bad faith and negligent adjustment discovery to proceed prior to resolution of plaintiff's uninsured motorist claim will not prejudice defendant because plaintiff will not be permitted to admit such evidence in the course of an uninsured motorist claim trial. Defendant fears that mere access to bad faith and claims adjustment information will prejudice defendant or give plaintiff a tactical advantage. The court is unpersuaded. Indeed, defendant has already produced for plaintiff its claims file. Access to that information will not put at risk defendant's defense of its decisions and procedures if the parties are unable to reach a settlement short of a second trial.

The court is also not persuaded that a stay of discovery as to plaintiff's bad faith and negligent adjustment claims will promote judicial economy. Because it is not possible to predict when, how (how much), or if any of plaintiff's claims will be settled, it is not possible to know what if any economies (or costs) will flow from a decision to stay discovery or a decision not to stay discovery. Where judicial economy lies in this situation is purely speculative.

---

[28]Id. at 6.

ORDER – Motion to Bifurcate and Stay Discovery    - 6 -

Case 3:22-cv-00271-HRH   Document 27   Filed 12/11/23   Page 6 of 7

At oral argument, plaintiff raised a new objection to defendant's motion to stay discovery. Plaintiff points out that the parties' scheduling and planning report expressly addressed the question of bifurcating discovery; and the court accepted the parties' proposal that discovery not be bifurcated. As a consequence, discovery has gone forward. The date for identifying expert witnesses and disclosing their reports has passed. "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In its motion and at oral argument, defendant has not advanced any change in circumstances which would constitute good cause for the court to stay discovery as to plaintiff's bad faith and negligent adjustment claims. At this late date, the court does not consent to a modification of its scheduling order.

Defendant's motion to stay discovery as to plaintiff's bad faith and negligent adjustment claims is denied.

## Conclusion

Defendant's motion to bifurcate trial and stay discovery is granted in part and denied in part. Discovery on the bad faith and negligent adjustment claims may proceed at the same time as discovery on the uninsured motorist claim. The two sets of claims will be bifurcated and tried before the same jury, beginning with the uninsured motorist claim. At a trial on the uninsured motorist claim, evidence pertaining to bad faith and negligent adjustment of claims will not be admitted.

DATED at Anchorage, Alaska, this  11th  day of December, 2023.

/s/   H. Russel Holland
United States District Judge